**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GLEN RAY KELLY, #1568533,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:12-CV-3037-M-BK** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

## I. BACKGROUND

Petitioner was convicted of driving while intoxicated (DWI) and sentenced to 40 years' imprisonment. *State v. Kelly*, No. F41868 (18th District Court, Johnson County, 2009), *aff'd*, No. 10-09-00116, 2011 WL 540531 (Tex. App. -- Waco, 2011, pet ref'd). The Texas Court of Criminal Appeals denied his state habeas application. *See Ex part Kaiser*, No. WR-36,455-05 at Action Taken Sheet (Tex. Crim. App. Feb. 15, 2012) (denying without written order).[1]

In this timely federal petition, Petitioner claims ineffective assistance of counsel, trial and appellate court errors, prosecutorial misconduct, and insufficiency of the evidence. (Doc. 3 at 6-24). He requests an evidentiary hearing and to supplement his habeas petition. (Doc. 5, 15). Respondent argues the petition lacks merit, and Petitioner has filed a reply. (Doc. 17, 19).

[1] "SHCR-05" refers to the State Habeas Clerk's Record in case number WR-36,455-05. "RR" followed by the volume number refers to the Reporter's Record.

## II. ANALYSIS

### A. Procedurally-Barred Claims

Ineffective Assistance of Counsel (Claim 1(g))

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008).

Petitioner did not exhaust his claim that counsel was ineffective for failing "to request a directed verdict based on factual and legal insufficiency" of the evidence by presenting it in his state habeas application. *Compare* Doc. 3 at 7 and Doc. 4 at 16, with SHCR-05 at 21-25, 29-37. His failure to exhaust constitutes a procedural default that bars this Court from considering it. *Morris*, 413 F.3d at 491-92; *Ries*, 522 F.3d at 523-24. Moreover, Petitioner has not demonstrated cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) modified by *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012). In

fact, his pleadings, including his reply, are silent as to these considerations, and he does not address Respondent's assertion that this ineffective-assistance claim is procedurally barred. Moreover, it is apparent from review of the record that Petitioner had the opportunity to raise in his state writ all the claims he presents here, and simply failed to do so. Therefore, Petitioner's claim, that trial counsel rendered ineffective assistance for failing to request a directed verdict based on insufficiency of the evidence, should be dismissed with prejudice as unexhausted and procedurally barred.

Although not raised by Petitioner, the United States Supreme Court recently held that the limited exception to procedural default recognized in *Martinez* applies in Texas. *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 1921 (2013). However, Petitioner has not shown that his underlying, unexhausted/procedurally-barred claim is a "substantial" claim of ineffective assistance of trial counsel. *Martinez*, 132 S. Ct. at 1319 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.") (citing certificate-of-appealability standard in *Miller–El v. Cockrell*, 537 U.S. 322 (2003).[2]

Petitioner's contention that trial counsel was ineffective for failing to request a directed verdict based on factual and legal insufficiency of the evidence is premised on his belief that the

[2] *See also Preyor v. Stephens*, ___ Fed. App'x ____, 2013 WL 3830160 (5th Cir. 2013) (*per curiam*) (rejecting the petitioner's reliance on *Martinez v. Ryan* exception because reasonable jurists could not debate the district court's conclusion that the petitioner's ineffective-assistance-of-trial-counsel claims were "not substantial or its alternative conclusion, on *de novo* review, that he failed to demonstrate that trial counsel rendered deficient performance and that he was prejudiced").

prosecution could not prove he operated a vehicle unless he was arrested while doing so. *Id.* at 17. He contends there was no other evidence offered at trial that he actually drove the truck he was convicted of operating while intoxicated, Petitioner asserts "[t]he evidence was legally and factually insufficient to support a conviction for DWI." *Id.* Contrary to his assertions, however, there was evidence at trial that immediately after hearing a crash in the night, residents went outside where they observed that a small truck had struck their parked vehicle and that Petitioner was still in the driver's seat of the truck. 9 RR 55-65; 107-113. Because Petitioner's claim lacks merit, it is not a substantial claim of ineffectiveness and thus presents no exception to procedural default.

Sufficiency of the Evidence (Claim 5)

Next, Petitioner claims the evidence was legally and factually insufficient to support his DWI conviction. (Doc. 3 at 23-24.) However, in his direct appeal and petition for discretionary review (PDR), Petitioner did not challenge either the legal or the factual sufficiency of the evidence.[3] Relying on *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004), Respondent argues that sufficiency of the evidence is procedurally barred, because it has long been held in Texas that such a claim is not cognizable in a state post-conviction writ of habeas corpus. *Id.* ("it is well-established that a challenge to the sufficiency of the evidence used to

[3] Legal sufficiency of the evidence is a separate and distinct legal theory from factual sufficiency. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). Factual sufficiency, however, does not present a valid basis for federal habeas relief. *See, e.g.*, *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). In addition, since Petitioner's conviction, the TCCA has overruled the factual-sufficiency-of-the-evidence standard, and has upheld the legal-sufficiency-of-the-evidence standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), as the only standard a reviewing court should apply when determining sufficiency of the evidence. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010).

sustain a felony conviction is not cognizable on an application for a post-conviction writ of habeas"). Citing *Ex parte Grigsby*, the United States Court of Appeals for the Fifth Circuit recently affirmed that a sufficiency-of-the-evidence claim was procedurally defaulted where the state habeas application was denied without a written order. *Reed v. Thaler*, 428 Fed. Appx. 453, 454 (5th Cir. 2011) (unpublished *per curiam*); *see also Debbs v. Thaler*, No. 3:11-CV-0562-L-BK, 2011 WL 7554582, *2 (N.D. Tex. 2011), recommendation accepted, 2012 WL 912724, *2 (N.D. Tex. 2012) (collecting cases and finding sufficiency-of-the-evidence claim procedurally barred because not raised in PDR). Such is the situation here; thus, the Court concludes that Petitioner's failure to raise legal sufficiency of the evidence on direct appeal constitutes a procedural default that bars this Court from considering his claim on the merits.

As noted above, Petitioner may overcome a procedural bar by showing cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims. *Coleman*, 501 U.S. at 750. However, Petitioner does not allege cause and prejudice for his default or that a fundamental miscarriage of justice would occur. (Doc. 19). Accordingly, his sufficiency-of-the-evidence claim is procedurally barred from federal habeas review.

**B. Remaining Claims lack Merit**

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet" as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). The deferential standard of review applies even where the state court, as in this case, summarily denied the state application. *See Richter*, 131 S. Ct. at 785 ("§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").[4]

Ineffective Assistance of Counsel

The Court reviews Petitioner's ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785.

[4] Throughout his response, Respondent mistakenly asserts the state habeas court issued written findings. (Doc. 17 at 24, 27, 29, 31, 36, 38-39). It is clear, however, that Respondent incorrectly cites to the state's response, and that the state habeas court's only written finding was "no controverted, previously unresolved issues of fact material to the legality of the Applicant's confinement." SHCR-05 at 61-66, 71.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

<u>Failure to object to jury hearing Petitioner invoke his right to counsel</u> (Claim 1(a))

Petitioner argues counsel was ineffective because he "failed to properly object to the Trial Court allowing the jury to hear … [Petitioner] repeatedly invoke his right to an attorney, in a video-taped statement made at the time of his arrest" in the intoxilyzer room. (Doc. 3 at 7; *see also* Doc. 19 at 7-8). Although Petitioner's counsel attempted to argue this issue on direct appeal, the state appellate court concluded that "nothing [was] presented for review," since trial counsel objected to the audio portion of the video on different grounds. *Kelly v. State*, 2011 WL 540531, at *4 (Tex. App. -- Waco, 2011, pet ref'd). The state appellate court concluded that trial counsel objected primarily under article 38.22 of the Texas Code of Criminal Procedure, which provides, *inter alia*, that a defendant's recorded statement is inadmissible unless, during the recording, the defendant is given his *Miranda* warnings and waives his associated rights. TEX.

CODE CRIM. PROC. ANN. art. 38.22, secs. 2, 3 (West 2005).  The trial judge sustained the objection in part and excluded a portion of the audio in the video.  *Kelly*, 2011 WL 540531, at *2.  On appeal, however, counsel objected to the content of the audio portion of the recording, arguing that those portions in which Petitioner invoked his right to counsel should have been excluded.  *Id.* at *3.

Petitioner now suggests that his trial counsel was ineffective for failing to properly object on Fifth and Sixth Amendment grounds to the audio recordings of his requests for counsel, asserting he "was prejudiced by the Jury hearing him request an attorney."  (Doc. 3 at 8).  He further contends his statements resulted in the "collateral implication that [he] was guilty because he repeatedly requested an attorney," and posits that the video recording was important to the juror's deliberations, since they requested to view it twice.  (Doc. 4 at 8-9).

Petitioner's claim fails because his trial counsel was not required to make a meritless objection.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness").  While in the intoxilyzer room, Petitioner did not have the right to counsel under the prophylactic measures of the Fifth Amendment because he was not subjected to a custodial interrogation.  *See Griffith v. State*, 55 S.W.3d 598, 602-03 (Tex. Crim. App. 2001) (police inquiry into whether defendant would take a breath-alcohol test before being charged with DWI was not a custodial interrogation under *Miranda*, and thus, defendant's request for an attorney did not implicate his right to an attorney under the Fifth Amendment).  In addition, because Petitioner had not yet been charged with DWI, he did not have a right to counsel under the Sixth Amendment.  *Id.* at 603-04 (admission of defendant's pre-*Miranda* request for an

attorney, as precondition to taking breath-alcohol test, did not violate the defendant's Sixth Amendment right to counsel because the State had not filed charges and, thus, the right to counsel had not yet attached). The Sixth Amendment right to counsel attaches "only at or after the time that adversary judicial proceedings have been initiated, whether by way of formal charge, preliminary hearing, indictment, information, or arraignment," and not merely as a result of detention. *Id.* at 603-604.

As reflected in the State's arguments and the trial judge's comments during the suppression hearing, a police officer gave Petitioner the proper oral and written warnings about the breathalyzer test under TEX. TRANSP. CODE ANN. § 724.015 (West 2013), while videotaping him at the police station.[5] *See* 9 RR 11, 20-21. As in *Griffith*, the officer also did not begin the *Miranda* warnings until after Petitioner refused to submit to the breathalyzer test and agreed to turn over his license. 9 RR 21.[6] Likewise, as in *Griffith*, the State never argued that Petitioner was guilty because he had requested an attorney. Rather, during closing argument, the State requested the jury to focus on Petitioner's demeanor in the intoxilyzer room, only once mentioning in passing that Petitioner "didn't want to say anything." 10 RR 112; s*ee* *Griffith*, 55 S.W.3d at 602 (noting that the State did not argue at trial that defendant was guilty

---

[5] Section 724.015 of the Transportation Code mandates that before an officer may request a breath specimen from a person arrested for DWI, the officer must inform the person of two consequences of refusing to submit a specimen: (1) the refusal may be admissible in a subsequent prosecution, and (2) the person's driver's license will be automatically suspended. *See* TEX. TRANSP. CODE ANN. § 724.015(1)-(2).

[6] The videotape is not part of the state court record, which Respondent submitted to the Court. Nevertheless, the Court can glean the sequence of events in the intoxilyzer room from counsel's arguments and the trial judge's comments during the suppression hearing. 9 RR 5-24.

because he requested an attorney, and instead introduced "his request as an indication of his intoxication independent of his request.").

Petitioner relies on *Opp v. State*, 36 S.W.3d 158 (Tex. App. – Hou. [1st Dist.], 2000), claiming the evidence showing him invoking his right to counsel in the intoxilyzer room was prejudicial and, thus, inadmissible at trial. (Doc. 4 at 8). In *Opp*, the court of appeals relied on *Hardie v. State*, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991), and *Loy v. State*, 981 S.W.2d 616, 617 (Tex. App. – Houston [1st Dist.] 1998, pet ref'd), which addressed situations where the defendant's request for an attorney was made <u>before</u> refusing the breath test, but <u>after</u> being Mirandized, to conclude that Opp's request for an attorney was harmful and prejudicial. *Opp*, 36 S.W.3d at 159. In *Griffith*, however, the Court of Criminal Appeals noticeably distinguished *Hardie* stating that "the invocation of counsel came <u>after</u> the defendant received Miranda warnings." 55 S.W.3d at 604. This was not a case where Petitioner's constitutional right to counsel was diminished by evidence of its invocation, because Petitioner had no such right.

Nevertheless, even assuming defense counsel was deficient for failing to object on Fifth and Sixth Amendment grounds to the audio recordings of the requests for counsel, Petitioner has wholly failed to meet the second *Strickland* requirement of showing prejudice. Even liberally construing his pleadings, Petitioner cannot demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694. In fact, the overwhelming evidence at trial established that he was the driver and that he appeared intoxicated. 9 RR 55-65; 107-113.

As Wanda Spurgeon and her son, Kyle, went outside, moments after hearing a crash in the night, they saw Petitioner in the driver's seat.  9 RR 57-65, 108-109, 111-13, 141.  When Kyle opened the driver's side door, he detected a strong alcohol odor and noticed Petitioner was fumbling with the keys (still in the ignition).   9 RR 111-14.  Petitioner then stumbled out of the truck somewhat dazed, stating that he had missed a stop sign at a nearby intersection.  9 RR 113-14.  After Kyle told his mother to call the police, Petitioner ran off in a staggered, dazed manner, and Kyle stopped him, ultimately tackling and restraining him.  9 RR 114-119.  While Petitioner asserted that he did not want to go to jail again and asked for his truck keys, Kyle noticed that Petitioner had a strong alcoholic odor and that his speech was slow and slurred.   9 RR 117-118, 136.  Officer Charles Lerner also noticed that Petitioner had bloodshot eyes, slurred speech, and unsteady balance, and that he smelled of alcoholic beverage.  10 RR 50-52.  Petitioner even informed Lerner that he was the driver of the truck and that he drank six to eight beers earlier in the evening.  10 RR 51-52.

In light of the above testimony, the significance of Petitioner invoking his right to counsel in the intoxilyzer room is virtually inconsequential.  Although Petitioner surmises that the jury could have inferred he was guilty because he repeatedly asked for an attorney during the video in the intoxilyzer room, his argument is implausible in light of the other overwhelming evidence of his guilt.  (Doc. 4 at 7-8).  That same evidence, belies his assertion that "[t]he only significant evidence was the videotape," which the jury viewed twice.  *Id.* at 7-8, 11.  Petitioner fails to explain how the result of his trial would have been different absent his statements invoking his right to counsel.

Petitioner has failed to demonstrate that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, specifically the standard espoused in *Strickland v. Washington*. Accordingly, his first claim fails.

Failure to object to the State suppressing and altering the videotape (Claim 1(b))

Next, Petitioner asserts his counsel was ineffective because he "failed to object to the state's [sic] prosecutor suppressing and altering the original videotape." (Doc. 3 at 6). He references purported comments by the prosecutor that the videotape introduced was one of five copies made from the original, which was old and had black spots, and avers that neither the trial judge nor his counsel requested to view the original videotape. *Id.* at 11. During the state habeas proceedings, however, defense counsel attested that he "had no reliable facts nor any basis to believe that the State undertook to alter a video used in the trial of the case." SHCR-05 at 69. Petitioner has failed to offer any factual support for his claim, replying only that he is unable to "demonstrate the changes [in the videotape] himself" because he does not have the videotape and "it was all off the record." (Doc. 19 at 5). Without evidence in the record, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Moreover, Petitioner has not indicated how counsel's performance prejudiced him.

Because Petitioner's allegations are conclusory and speculative, they cannot form the basis for section 2254 relief. Accordingly, Petitioner has failed to demonstrate that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States, specifically the standard espoused in *Strickland v. Washington*.

Advising a defense witness to perjure herself (Claim 1(c))

Petitioner alleges "counsel wrongfully advised defense witness, Gina Upchurch to perjure herself on the witness stand, opening the door for the State to prove it's [sic] case" and "place ownership of the little black truck to" him. (Doc. 3 at 7, 12). He contends that Upchurch lied on counsel's instruction, thus, counsel "was not trying to win the case for his client." (*Id.* at 12-13). Contrary to Petitioner's conclusory assertions, there is no evidence in the record that defense counsel instructed Upchurch to perjure herself. Moreover, during the state habeas proceeding, Petitioner's trial counsel averred:

> It is my belief that Ms. Upchurch testified truthfully regarding her actions on the night that it is alleged that… [Petitioner] was driving while intoxicated. I would not have sponsored any witness to testify that I suspected of intending to commit perjury or a fraud upon the court.

SHCR-05 at 69.

This claim likewise fails as conclusory. *See Ross*, 694 F.2d at 1011 ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996) ("the court need not blindly accept speculative and inconcrete claims") (quoted case omitted). Petitioner has failed to demonstrate that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, as determined by the Supreme Court of the United States, specifically the standard espoused in *Strickland v. Washington*.

<u>Advising Petitioner to reject an eight-year plea offer</u> (Claim 1(d))

Next, Petitioner alleges "counsel was ineffective for wrongfully advising… [him] to turn down an eight year plea bargain." (Doc. 3 at 7, 14; Doc. 19 at 2-3, 4-5). According to Petitioner, although he initially informed counsel that he would accept the eight-year offer, he later chose to reject it because counsel advised him that "he could prove that the police officers were lying." (Doc. 3 at 14). Petitioner further alleges that counsel told him that "he wanted to get … [Petitioner's] medical records from the jail so that he could prove that … [Petitioner] was hurt during the arrest… [and] would use the medical records to prove excessive force, and that … [Petitioner was] a victim of police brutality." *Id.* According to Petitioner, he "trusted and believed in what [his] attorney told" him. *Id.*

During the state habeas proceedings, defense counsel contradicted Petitioner's claim, stating:

> [Petitioner] complains . . . that I wrongfully advised [him] to turn down and eight (8) year plea bargain offered by the prosecution prior to trial. The facts are quite the contrary. I did not advise [Petitioner] to "turn down" the State's plea offer of eight (8) years. [Petitioner] faced an Indictment enhanced pursuant to the Habitual Offender statute. If convicted the minimum of the available range of punishment was 25 years. I communicated the State's offer to [Petitioner] and my advice was to accept the State's offer. [Petitioner] refused the offer and he instructed me to turn down the offer. From the outset of my representation, [Petitioner] always believed that the prosecution could not prove he was the driver of the alleged vehicle. Here, the homeowners heard a crash after dark and walked out of their home. They saw a small truck had struck their parked vehicle. [Petitioner] never wavered from the belief that he could not be convicted if he wasn't arrested by a policeman while operating a vehicle. I advised him throughout my representation of the possible outcomes both in the guilt/innocence phase and the punishment phase, if any.

SHCR-05 at 69.

In his supplement and reply, Petitioner offers, for the first time, five letters from defense counsel in support of his contention that counsel's assertions in his affidavit to the state habeas court were false. (Doc. 15 at 1-3; Doc. 19 at 3, 4). However, federal habeas review is limited "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* ___U.S. ___, 131 S. Ct. 1388, 1398 (2012). And as respondent correctly notes, Petitioner did not present the letters to the state habeas court. (Doc. 17 at 10). Notwithstanding *Pinholster*'s limitation, nothing in the letters, which mainly discuss discovery issues and trial procedure and strategy, contradict counsel's assertion that despite counsel's recommendation, Petitioner rejected the proposed eight-year plea bargain. (Doc. 15 at 4-7, 10).

Accordingly, this claim also fails as conclusory. Petitioner has failed to demonstrate that the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, specifically the standard espoused in *Strickland v. Washington*.

Failure to object to the State's Closing Arguments (Claims 1(e) and (f))

Finally, Petitioner argues counsel was ineffective for failing to object to the prosecutor "commenting on [Petitioner's] right to counsel during closing argument at the Guilt and Innocence Phase of the Trial," and to a comment that he contends was outside of the record during closing argument at the punishment phase of the trial. (Doc. 3 at 7, 15-17). However, a review of the record reveals both comments were proper, and defense counsel was not required to make meritless objections. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness").

Petitioner first challenges the prosecutor's comment, "[y]ou saw on the video when that [sic]… [Petitioner] kept replying to the officer saying that he didn't want to say anything." 10 RR 112.  Petitioner argues that the comment was improper, and that invoking his right to counsel was a fundamental right protected by both the United States and Texas Constitutions.  (Doc. 3 at 15).  In his affidavit to the state habeas court, defense counsel replied that he did not object because he "believed the State's argument to be a reasonable deduction from the evidence admitted by the court . . . [and a] proper argument pursuant to Texas law."  SHCR-05 at 69.

Again, Petitioner's claim presupposes that he had a constitutional right to remain silent at the time of his assertion, and that such right was violated by the prosecutor's comment.  *See Griffith v. State*, 55 S.W.3d . 598, 606 (Tex. Crim. App. 2001) (request for an attorney can be interpreted as a request to remain silent that implicates the Self-incrimination Clause of the Fifth Amendment).  However, nothing in the record supports such an assumption.  Here, as in *Griffith*, defendant's request for an attorney, before submitting to the breath alcohol test, did not express a desire to remain silent because his request was limited to the decision to take the breath-alcohol test.  *Id.* at 606.  Petitioner has not shown that the trial judge would have sustained an objection from defense counsel on this ground.

Second, Petitioner contests a prosecutor's comment, during closing argument at the punishment phase of the trial, regarding a prior conviction for delivery of a controlled substance. The entire comment reads as follows:

> And then delivery. Who got that I wonder? Was it a kid? I don't know.  But I do know for sure that was not a victimless crime.  That was another member of this community.  That conviction was here.

11 RR 55-56.[7] Petitioner contends the prosecutor "inflamed the minds of the jury by stating that the delivery was to a kid, when … [the prosecutor knew] that the evidence did not support the argument." (Doc. 3 at 16). However, as Respondent correctly asserts, the prosecutor's argument, in its entirety, summarized the evidence regarding the prior delivery conviction and was a reasonable deduction from the evidence, which is permitted under Texas law. *Borjan*, 787 S.W.2d at 55. The comment also constituted a proper plea for law enforcement. *Id.* 56-58; *see also Freeman v. State*, 340 S.W.3d 717, 729 (Tex. Crim. App. 2011) (the state may argue the relationship between the jury's verdict and the general deterrence of crime, and may also argue that juries should deter certain crimes by their verdicts).

In any event, neither comment, viewed in the light of the overwhelming evidence of Petitioner's guilt, as previously recounted herein, would have changed the result of the proceeding. Thus, Petitioner cannot show prejudice and his claim fails.

In summary, Petitioner has not demonstrated that the state court's decision rejecting his ineffective-assistance-of-counsel claims was contrary to or an unreasonable application of clearly established federal law. Accordingly, his six claims of ineffective assistance of counsel lack merit.

Prosecutorial Misconduct and Trial and Appellate Courts' Errors (Claims 2-4)

In the next three grounds, Petitioner claims prosecutorial misconduct and trial and appellate court errors. He contends that the "prosecutor altered and suppressed the original videotape," and the trial court allowed "the altered version of the videotape to be shown to the

[7] In his pleadings, Petitioner omits the remainder of the argument following the question "Was it a kid?" (Doc. 3 at 16).

jury without first viewing the original videotape." (Doc. 3 at 18-19). However, he has offered no factual support for his claims, only his opinions and conclusory statements. *See Ross v. Estelle*, 694 F.2d 1008, 1011.

Next, Petitioner states the "[p]rosecutor wrongfully commended [sic] on Applicant invoking his right to counsel" during closing argument, when he stated: "You saw it on the video when that defendant kept replying to the officer saying that he did not want to say anything." (Doc. 3 at 22). Petitioner also faults the trial court for permitting the jury to hear him repeatedly invoke his right to counsel on the video tape in the intoxilyzer room, and the court of appeals for failing to raise and correct the error *sua sponte*. (Doc. 3 at 6, 19-22). Yet, as previously noted, Petitioner did not have the right to counsel, while in the intoxilyzer room, under either the Fifth or the Sixth Amendments. In addition, his refusal to submit to a sobriety test does not implicate the Fifth Amendment right against self-incrimination. *See South Dakota v. Neville*, 459 U.S. 553, 563-64 (1983) (because the refusal to submit to a sobriety test is not an act coerced by an officer, it is not protected by the Fifth Amendment right against self-incrimination); *see also Griffith v. State*, 55 S.W.3d 598, 606 (Tex. Crim. App. 2001) (defendant's request for an attorney, before submitting to breath alcohol test, could not be construed as expressing a desire to remain silent because the request was limited to the decision to take the breath-alcohol test, and the defendant was not compelled by officers to request an attorney before answering whether he would take the breath alcohol test so as to be violative of his right not to incriminate himself). Likewise, the state's decision to comment upon the refusal to submit to a sobriety test at trial does not violate the privilege against self-incrimination. *See Pennsylvania v. Muniz,* 496 U.S. 582, 604 n. 19 (1990).

Petitioner has not shown that the state court's decision rejecting these claims was contrary to or an unreasonable application of clearly established federal law. Accordingly, these claims fail.[8]

**C. <u>Evidentiary Hearing Not Required</u>**

Petitioner requests an evidentiary hearing "to develop the records as to trial counsel being ineffective." (Doc. 5 at 1). However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. And, as discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

---

[8] Petitioner raised these claims for the first time in his state habeas petition. In response to the state habeas application, the State contended the claims were procedurally barred because the habeas application was not a substitute for an appeal and the claims could have been raised on appeal. (SHCR-05 at 65.) The state habeas court, however, found no controverted issues and the TCCA denied relief without a written order. (SHCR-05 at 71 and cover.) Because the state habeas court did not clearly and expressly rely on a state procedural bar, this Court concludes the state court adjudicated Petitioner's claims on the merits and, thus, the state court's decision is entitled to deference under section 2254(d). *See Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000) (considering prosecutorial misconduct claim on merits with requisite deference to state court's decision; although petitioner effectively waived prosecutorial misconduct claim by failing to object to prosecutor's comments at trial, state court was not put on notice by prosecution that claim was waived and state court denied habeas application).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED September 20, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE